## PATRICK GARVEY *vs.* COMMONWEALTH.
### SAME *vs.* SAME.
### SAME *vs.* SAME.

The *St.* of 1855, c. 215, § 15, does not authorize the increased punishment of a second unlawful sale of intoxicating liquors as a second offence, unless the fact that it is a second offence is alleged in the complaint or indictment.

THREE WRITS OF ERROR to reverse as many judgments of the court of common pleas in Middlesex on as many complaints against the plaintiff in error for unlawful sales of intoxicating liquors, in violation of *St.* 1855, c. 215, § 15.

The errors relied on were, that the sentence on the first complaint was to pay a fine of twenty dollars and costs, and be imprisoned thirty days; and, on each of the other two complaints, to pay a fine of fifty dollars and costs, and be imprisoned six months; whereas neither of the complaints alleged that the defendant had been previously convicted of a violation of said statute. But it was admitted that it appeared by the records of that court that the defendant had been convicted of a previous violation of that section at the same term.

*S. A. Brown,* for the plaintiff in error.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

BY THE COURT. This case is substantially settled by that of *Tuttle* v. *Commonwealth*, 2 Gray, 505, in which it was decided that the increased penalty provided in the *St.* of 1852, *c.* 322, § 7, for a second conviction of an unlawful sale of intoxicating liquors, could not be imposed except upon allegation and proof of a prior conviction — that being part of the character of the offence. That statute provided, that " two or more acts of violation of the provisions of this section may be alleged in the same complaint or indictment, and be tried at the same time ; and conviction thereon, or on any of them, shall operate upon the defendants in the same manner as if the actions had been upon separate complaints, and the convictions had at separate trials."

It is said that the *St.* of 1855, *c.* 215, § 15, which provides that, " when any person is convicted of more than one offence on any such complaint or indictment, he shall be subject to the same punishments as if he had been successively convicted on as many complaints or indictments as there are offences of which he is convicted," &c., has changed the law, by making a second and third offence liable to an increased punishment, instead of a second and third conviction. Still it must be alleged to be a second or third offence ; in order that the proof should follow the allegation, and the judgment follow both. Inasmuch as there is no such allegation in either of these complaints, the judgments are erroneous, and must be reversed.

*Judgments reversed, and plaintiff in error sentenced on each complaint as for a first offence.*